UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D<small>ORRINUS</small> J<small>EWEL</small>,

    Plaintiff,

    v.

FCA US LLC a/k/a F<small>IAT</small> C<small>HRYSLER</small>
A<small>UTOMOBILES</small> US LLC, a foreign
limited liability company,

    Defendant.

/

Case No. 15-cv-14001

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P<small>ATTI</small>

**O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> D<small>EFENDANT</small>'<small>S</small> M<small>OTION TO</small> D<small>ISMISS</small> [6] <small>AND</small>
D<small>ENYING</small> P<small>LAINTIFF</small>'<small>S</small> M<small>OTION FOR</small> A<small>PPOINTMENT OF</small> C<small>OUNSEL</small> [9] <small>AS</small> M<small>OOT</small>**

**I. I<small>NTRODUCTION</small>**

Plaintiff Dorrinus Jewel ("Plaintiff") commenced this action on November 13, 2015 against Fiat Chrysler Automobiles US LLC ("Defendant" or "FCA"). *See* Dkt. No. 1. In the Complaint, Plaintiff alleges that Defendant, then known as Chrysler Group LLC, fraudulently enrolled her into Defendant's buyout program. On November 23, 2015, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 6. On December 11, 2015, Plaintiff filed a Motion for Appointment of Counsel. *See* Dkt. No. 9.

The matter is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** Defendant's Motion to Dismiss and **DENY** Plaintiff's request for appointment of counsel as **MOOT**.

## II. BACKGROUND

Plaintiff Dorrinus Jewel worked as an hourly employee for Defendant, then known as Chrysler Group, LLC, from October 21, 1994 until December 4, 2009. *Jewel v. Chrysler, LLC.*, No. 13–14268, 2014 WL 764660 at *1 (E.D. Mich. 2014). She was represented in collective bargaining by UAW Local 7. *Id.* On or about November 13, 2009, an application was submitted to Chrysler for Jewel's participation in a buy-out program. *Id.* Under the terms of this buy-out program, an employee's application became irrevocable after November 13, 2009—the last day the employees could apply. *Id.* Plaintiff contends that she never applied for the buy-out and that her signature on the application was forged by Chrysler. *Id.*

On November 16, 2009, there was an incident at Chrysler which resulted in Plaintiff going on medical leave the next day. Plaintiff maintains that in response to the occurrences of November 16, 2009, Chrysler forged her name on the participation program form, and terminated her on December 4, 2009. *Id.*

It wasn't until January 31, 2011, that the UAW filed a grievance on behalf of Ms. Jewel alleging that she was not eligible to participate in the buy-out program because she was on disability leave when her employment was terminated. *Id.* at *2. Chrysler denied the grievance and the grievance was subsequently withdrawn on April 4, 2012. Plaintiff filed an appeal with the union, but lost. *Id.*

On October 8, 2013, Plaintiff, proceeding *pro se*, filed an action against Chrysler, as well as her former union, the UAW, in the United States District court for the Eastern District of Michigan. *Id.* at *1. Plaintiff asserted ten claims: 1) wrongful termination/retaliation in violation of the Civil Rights Act of 1964; 2) wrongful termination in violation of public policy; 3) intentional infliction of emotional distress; 4) negligent infliction of emotional distress; 5) defamation of character; 6) civil conspiracy/concert of action ; 7) loss of consortium; 8) breach of contract; 9) fraud; and 10) innocent misrepresentation. *Id.*

On December 26, 2013, Chrysler filed a motion to dismiss the case. *Id.* On December 27, 2013, the UAW filed a motion to dismiss. *Id.* On February 25, 2014, the Court granted both motions because all of the Plaintiff's claims were either time barred or failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id* at *8. Almost two years later, this action was filed.

## III. LAW AND ANALYSIS

Defendant argues that the present action should be dismissed by the doctrine of *res judicata*, or claim preclusion. "We use a four-part test for determining whether a subsequent action is barred by the doctrine of res judicata, or to be more precise in this circumstance, claim preclusion." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006). The current action will be barred if there exists "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Id.*

The first two elements of claim preclusion are not up for dispute. There was a final judgment on the merits in the prior case. *See Jewel*, 2014 WL 764660 at *8 (dismissing all claims); *see also Gonzalez v. City of New York*, 396 F. Supp. 2d 411, 415 (S.D.N.Y. 2005) (a motion to dismiss is a final judgment on the merits). Additionally, the Defendant and the Plaintiff were opposing parties in the 2013 litigation.[1] *See Jewel*, 2014 WL 764660 at *1. Accordingly, these two elements have been satisfied.

---

[1] Defendant operated under a different moniker at the time of the original suit. The prior action was resolved in February 25, 2014. Defendant, once known as Chrysler Group, LLC, did not officially become FCA US LLC until December 16, 2014. *See* Brent Snavely and Greg Gardner, *Chrysler Group officially becomes FCA US*, DETROIT FREE PRESS (December 16, 2014), http://www.freep.com/story/money/cars/chrysler/2014/12/16/chrysler-group-fca-us/20472365/. The name change and corporate restructuring, however, do not negate the fact that this is the same

The only things left for the Court to consider are the final elements of claim preclusion. "To constitute a bar, there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chemical Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981). "*Res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical." *McBrayer v. Baker Coll. of Allen Allen Park*, No. 07-CV-13872, 2008 WL 2731798, at *5 (E.D. Mich. July 9, 2008) (citing *Eaton Co. Road Commissioners v. Schultz*, 205 Mich. App. 371, 375 (1994)).

Here, Plaintiff's current claims all arise from the same events as the prior litigation. Plaintiff is merely attempting to re-litigate fraud claims raised in 2013. Moreover, as Defendant notes, the doctrine of *res judicata* requires a litigant to bring all related claims in one lawsuit. Therefore, even if Plaintiff's apparent fraud claims were not brought up in the prior action, they could and should have been, and thus *res judicata* would have nevertheless barred the action.

There is no daylight between the 2013 action and the case at bar. Essentially, before the Court is the same plaintiff bringing the same claims against the same defendant for the same alleged wrongdoing. The current action lands itself in the wheelhouse of *res judicata*.

---

Defendant from the original case. *See Bridge v. Ocwen Federal Bank FSB*, No. 1:07 CV 2739, 2013 WL 4784292, at *5 (N.D. Ohio Sept. 6, 2013).

Accordingly, as all elements of claim preclusion have been satisfied, the current action is barred.

## IV. CONCLUSION

For the reasons discussed above, the Defendant's Motion to Dismiss [6] is **GRANTED**. The Plaintiff's Motion for Appointment of Counsel [9] is **DENIED** as **MOOT**.

IT IS SO ORDERED.

Dated: February 26, 2016  /s/Gershwin A Drain  
Detroit, MI  HON. GERSHWIN A. DRAIN  
United States District Court Judge